368 So.2d 220 (1979)
MISSISSIPPI CHEMICAL CORPORATION
v.
William C. ROGERS.
No. 50829.
Supreme Court of Mississippi.
February 21, 1979.
Rehearing Denied March 21, 1979.
Megehee, Brown & Williams, Michael J. McElhaney, Jr., Pascagoula, for appellant.
Pritchard, Myers & Gordon, Robert A. Pritchard, Pascagoula, for appellee.
Before SMITH, SUGG and COFER, JJ.
SUGG, Justice, for the Court:
This is an appeal from the Circuit Court of Jackson County from a judgment awarding *221 William C. Rogers $60,000 against Mississippi Chemical Corporation. Rogers was employed by Baggett Industrial Constructors, an independent contractor, which had a contract with Mississippi Chemical to perform a contract to repair one of the buildings owned by Mississippi Chemical. While walking across the roof of the building, Rogers fell through the roof when it gave way under his weight. As the result of the fall, Rogers suffered injuries.
In his declaration Rogers charged Mississippi Chemical with the specific acts of negligence as follows:
1. Failure to provide him with a reasonably safe place to work.
2. Failure to warn Rogers of the fact that the roof had deteriorated to the extent that it would constitute a hazard to his safety and well being by walking across the roof.
3. Failure to provide sufficient scaffolding to avoid the necessity for walking on the roof.
Mississippi Chemical argues on appeal that it was entitled to a peremptory instruction.
The building on which Rogers was working was a large building covering approximately two acres and was two stories high. The walls and roof of the building were covered with transite, an asbestos-type material. Rogers was working with a painting crew whose duty it was to sandblast the vertical beams, studs and braces to which the transite wall covering was attached. The structure to be sandblasted was a part of the second story of the building. In order to reach the wall it was necessary to mount the roof of the first story, and cross the roof to the wall of the second story. Rogers was carrying a hose across the roof when he fell through and received his injuries. He testified that there was no scaffolding or walkway across the roof which he was required to traverse in order to reach the wall of the second story of the building. Several witnesses for Mississippi Chemical testified that walkways were provided to enable workers to move across the roof, and Rogers' foreman testified that he warned Rogers to use the walkways and not walk on the transite roof.
There was no testimony that Mississippi Chemical warned Rogers that it was unsafe to walk on transite, neither was there any testimony that Mississippi Chemical specifically warned Baggett, the independent contractor, about the danger of walking on transite. However, the evidence shows without contradiction that the supervisory personnel of Baggett knew of the danger of walking on transite and had been instructed in a safety meeting to keep the employees of Baggett off the transite except on the walkways provided.
Lemand Edward West, a general foreman for Baggett, testified that all the general foremen were called in the office and told to caution all their employees to stay off the transite because it was dangerous. Jerry McVey, a painters foreman for Baggett, and Rogers' immediate foreman, testified that he had been instructed by his immediate foreman, Larry McVey, to keep his people off the transite and to require them to stay on the scaffold. Larry Wayne McVey, a painters general foreman for Baggett, testified that Ron Simmons, superintendent for Baggett, instructed him to tell his men not to walk on the transite. He said that he had three foremen working for him and he instructed his foremen to instruct the men in their crews not to walk on the transite. Charles Christian, a carpenters general foreman for Baggett, testified that he was told that one should not walk on transite. The reason given was that transite is more or less like concrete, it forms hairline cracks, and when the cracks occur, the material separates and would not support the weight of a man.
From the above testimony it is uncontradicted that the supervisory personnel of Baggett, the independent contractor, knew that transite would not support the weight of a person, that it was dangerous to walk on it, and the construction foremen were instructed to tell the crew members working under them not to walk directly on transite but use the walkways provided.
*222 Under these undisputed facts, was Mississippi Chemical liable for the injuries Rogers received?
The owner of a building owes a duty to an independent contractor and the latter's employees to furnish a reasonably safe place to work or give warning of danger. In Mississippi Power Co. v. Brooks, 309 So.2d 863 (Miss. 1975) we held:
However, the owner is liable for his own negligence. This was clearly enunciated in the case of Ingalls Shipbuilding Corporation v. McDougald, 228 So.2d 365 (Miss. 1969) where the Court discussed the obligation of a prime contractor to furnish the employees of a subcontractor a reasonably safe place to work. Ingalls did not involve a contract between an owner of property and an independent contractor but dealt with a contract between a prime contractor and an independent contractor who was a subcontractor; however, the principles set forth apply to a contract between an owner and an independent contractor. In Ingalls we stated:
Ordinarily a prime contractor is not liable for the torts of an independent contractor or of the latter's servants committed in the performance of the contracted work. This is based on the theory that the contractee does not possess the power of controlling the person employed as to the details of the work. However, one who employs an independent contractor is nevertheless answerable for his own negligence. So an employer owes a duty to an independent contractor and the latter's employees to turn over to them a reasonably safe place to work or to give warning of danger. W. Prosser, The Law of Torts § 80 at 546 (3d ed. 1964); 41 Am.Jur.2d, Independent Contractors §§ 24, 25, 27 (1968); Annot., 31 A.L.R.2d 1375 (1953); 57 C.J.S. Master and Servant § 603 (1948); see generally, Whatley v. Delta Brokerage & Warehouse Co., 248 Miss. 416, 159 So.2d 634 (1964); May v. Vardaman Mfg. Co., 244 Miss. 261, 142 So.2d 18 (1962).
(309 So.2d at 866).
The duty to warn of any latent danger is fulfilled when the owner of premises warns an independent contractor of latent danger. Mississippi Power & Light Co. v. Nail, 211 So.2d 815 (Miss. 1968).
We also recognize the rule that knowledge of danger by an independent contractor relieves the owner from the duty of warning the independent contractor or his employees. In Jackson Ready-Mix Concrete v. Sexton, 235 So.2d 267, 271 (1970), we said:
Closely related to this exception is the rule that the owner is not liable for death or injury of an independent contractor or one of his employees resulting from dangers which the contractor, as an expert, has known, ...
Moreover, it should be remembered that liability rests, not upon the ground of danger, but upon the ground of negligence. Mississippi Power & Light Co. v. Nail, 211 So.2d 815 (Miss. 1968); Long, Admx., Etc. v. Wollard and Farmers Elevator, Inc., 249 Miss. 722, 163 So.2d 698 (1964).
In sum, Rogers charged Mississippi Chemical with negligence in failing to provide him with a reasonably safe place to work and failure to warn him of the fact that the roof on which he was working would not support the weight of a person walking across it. Assuming that Mississippi Chemical did not furnish Rogers with a reasonably safe place to work, it did not have the duty to notify Rogers of the danger of walking on transite because his employer, an independent contractor, had knowledge of the danger of walking on transite, and the supervisory personnel of the independent contractor were instructed to warn its employees not to walk on the roof except on the walkways. Mississippi Chemical had no control over Rogers or the other employees of its independent contractor, and was entitled to the peremptory instruction which it requested.
REVERSED AND RENDERED.
*223 PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE and COFER, JJ., concur.
BOWLING, J., takes no part.