GRIFFIS, J.,
for the Court:
¶ 1. Kenneth Saranthus filed suit against Health Management Associates, Inc. d/b/a Central Mississippi Medical Center (“CMMC”). He alleged that CMMC was liable for his injuries under the law of premises liability. The Hinds County Circuit Court granted summary judgment in favor of CMMC, and Saranthus appealed. We find no error and affirm.
FACTS
¶ 2. CMMC contracted with Crothall Healthcare, Inc. (“Crothall”) to operate the laundry facility on the CMMC campus. Crothall then subcontracted with Larry Butcher for Butcher to maintain the laundry equipment, such as washing machines and dryers.
¶ 3. The vibrations that occur during the spin cycle caused cracks to develop in one *1275 of the washing machines. The cracks needed to be welded, so either Crothall or Butcher called Mason and Overstreet Welding and Machine Works, Inc. (“Mason and Overstreet”). Mason and Overstreet sent Saranthus, its employee, to the CMMC campus to weld the cracks.
¶ 4. On March 6, 2001, under the direction and supervision of Butcher, Saran-thus worked on the washing machine. A heavy portion of the machine had to be lifted out of the way to allow Saranthus access to a part that needed welding. To do this heavy lifting, a hoist was used. The hoist ran along an overhead rail above the laundry equipment. At the direction of Butcher, a Crothall employee moved the hoist into position and connected it to the washing machine. The heavy portion was lifted, and Saranthus welded that entire day without incident.
¶ 5. The following day, Saranthus returned to the CMMC campus to finish the job. Early that morning, shortly after he arrived, Butcher directed him to weld a plate onto a different part of the washing machine. To gain access to that part of the machine, the hoist had to be moved out of the way. At the direction of Butcher, Saranthus unhooked the hoist from the washing machine and slid it along the rail out of the way. Unbeknownst to Saran-thus, the rail did not have a “stop” on the end of it to prevent the hoist from sliding off the rail. The entire hoist, which weighed approximately one hundred pounds, ran off the end of the rail and crashed down onto Saranthus’s right arm. Saranthus was injured as a result and has subsequently had three surgeries on that arm.
¶ 6. Saranthus filed suit against Crothall and CMMC. Saranthus’s wife, Laura Sar-anthus, joined in the lawsuit as a plaintiff and asserted some derivative claims, such as loss of consortium. Crothall moved for summary judgment, and the motion was denied. CMMC then moved for summary judgment, and the motion was granted. The circuit court entered final judgment as to CMMC, consistent with Mississippi Rule of Civil Procedure 54(b).
STANDARD OF REVIEW
¶ 7. The standard of review of an order granting summary judgment is de novo. PPG Architectural Finishes, Inc. v. Lowery, 909 So.2d 47, 49 (¶ 8) (Miss.2005) (citing Hurdle v. Holloway, 848 So.2d 188, 185 (¶ 4) (Miss.2003)). It is well settled that “[a] summary judgment motion is only properly granted when no genuine issue of material fact exists.... The moving party has the burden of demonstrating that no genuine issue of material fact exists within the ‘pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits.’ ” Id. (quoting M.R.C.P. 56(c)).
ANALYSIS
¶ 8. Saranthus argues that CMMC, as the owner of the premises, breached its duties to keep the premises in a reasonably safe condition or to warn him of a hidden danger, of which CMMC either knew or should have known. Specifically, Saranthus claims that the rail should have had a stop on the end of it, which would have prevented the accident, or CMMC should have warned him that the rail did not have a stop.
¶ 9. The circuit court found that summary judgment was warranted because the parties did not dispute the fact that Crot-hall, CMMC’s independent contractor, knew that the rail was missing a stop. The circuit court determined that if an independent contractor knows of the danger, then the premises owner’s duty to remove the danger or to warn of the danger are extinguished with respect to that independent contractor and its employees and subcontractors.
*1276 ¶ 10. The general rule is that a premises owner “owes a duty to an independent contractor and the latter’s employees to furnish a reasonably safe place to work or give warning of danger.” Miss. Chem. Corp. v. Rogers, 368 So.2d 220, 222 (Miss.1979). However, the “owner is not liable for death or injury of an independent contractor or one of his employees resulting from dangers which the contractor, as an expert, has known.” Id. (quoting Jackson Ready-Mix Concrete v. Sexton, 235 So.2d 267, 271 (Miss.1970)). Once the contractor is aware of the danger, “[t]he ensuing duty to warn or otherwise protect those individuals on the property as employees and agents of the contractor rests solely with the contractor. This shift in the duty to warn and protect from the owner to the contractor includes any such duties owed to the contractor’s subcontractors and employees of those subcontractors.” Bevis v. Linkous Const. Co., Inc., 856 So.2d 535, 539 (¶9) (Miss.Ct.App.2003).
¶ 11. In Rogers, Mississippi Chemical owned a building that needed repairs. Rogers, 368 So.2d at 221. It contracted with Baggett Industrial Constructors for the repairs. Id. The work required Bag-gett’s employees to walk on the building’s roof. Id. The roof was made of a weak material and was unsafe for walking, so walkways were provided. Id. Baggett’s managers and supervisors were aware of the dangers of walking on the roof without using the walkways. Id. Rogers, an employee of Baggett, walked on the roof without using the walkways, fell through the roof, and injured himself. Id. He sued Mississippi Chemical and alleged that it had breached its duty to provide him a safe workplace or to warn him of the danger. Id. The jury returned a verdict in his favor, but the Mississippi Supreme Court reversed the judgment. Id. at 221-22. The supreme court held:
We also recognize the rule that knowledge of danger by an independent contractor relieves the owner from the duty of warning the independent contractor or his employees. In Jackson Ready-Mix Concrete v. Sexton, 235 So.2d 267, 271 ([Miss.]1970), we said:
Closely related to this exception is the rule that the owner is not liable for death or injury of an independent contractor or one of his employees resulting from dangers which the contractor, as an expert, has known, ...
Moreover, it should be remembered that liability rests, not upon the ground of danger, but upon the ground of negligence ....
In sum, Rogers charged Mississippi Chemical with negligence in failing to provide him with a reasonably safe place to work and failure to warn him of the fact that the roof on which he was working would not support the weight of a person walking across it. Assuming that Mississippi Chemical did not furnish Rogers with a reasonably safe place to work, it did not have the duty to notify Rogers of the danger of walking on transite because his employer, an independent contractor, had knowledge of the danger of walking on transite, and the supervisory personnel of the independent contractor were instructed to warn its employees not to walk on the roof except on the walkways. Mississippi Chemical had no control over Rogers or the other employees of its independent contractor, and [it] was entitled to the peremptory instruction which it requested.
Id. at 222. Thus, the court concluded that Mississippi Chemical owed no duty to its contractor or its contractor’s employees to provide a reasonably safe place to work or to warn of the danger because the contractor was aware of the danger. Id.
*1277 ¶ 12. Here, Rogers controls the outcome. CMMC contracted with Crothall for Crothall to operate the laundry facility. Crothall determined that a washing machine needed to be welded. Crothall hired Mason and Overstreet, Saranthus’s employer. Saranthus had no relationship to CMMC, except through Crothall. It was undisputed that Crothall knew the rail was missing a stop. A Crothall employee testified in an affidavit, submitted by Saran-thus, that Crothall was well aware that the rail was missing a stop. The employee testified that the hoist had fallen off the rail numerous times and that nearly everyone who worked for Crothall knew about it, including supervisors and managers. In fact, Saranthus has vigorously and consistently argued throughout this litigation that Crothall knew about the missing stop.
¶ 13. Under Rogers, since Crothall, an independent contractor, knew of the danger then CMMC, the premises owner, was relieved of any duty to Crothall, Crothall’s employees, and Crothall’s subcontractors to remove the danger or to warn of the danger. The circuit court’s grant of summary judgment in favor of CMMC was proper.
¶ 14. Because this finding is dispositive of the appeal, we decline to address any other issues raised by Saranthus.
¶ 15. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. CARLTON, J., NOT PARTICIPATING.