ISHEE, J.,
for the Court:
¶ 1. In 2009, Catina Turner was working for Temp Staff Inc. when she was directed to Entergy Mississippi Inc. for work as a temporary employee. While in a restroom at Entergy, Turner claims she was injured when an air vent fell on her head. She filed a workers’ compensation action following the incident. Several months later, she also filed a premises-liability claim in the Hinds County Circuit Court, First Judicial District. The circuit court eventually granted summary judgment to Entergy on the grounds that Turner’s remedy for relief lay exclusively in the form of workers’ compensation, and that Turner failed to prove the essential elements of her case. Aggrieved, Turner appeals. Finding no error, we affirm.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
¶ 2. In 2007, Temp Staff, a temporary staffing agency, entered into a contractual agreement with Entergy’s parent company, Guidant. The agreement stated that Temp Staff would provide temporary workers to Guidant and its subsidiaries, including Entergy, for a fee. The agreement also noted that Temp Staff must indemnify and hold harmless Guidant and all its subsidiaries in the event that a temporary worker were injured or filed suit for personal injury or property damage. The agreement was in effect during all times related to the instant case.
¶ 3. On March 28, 2009, Turner was employed by Temp Staff and was placed in a temporary position in Entergy’s customer-service department. While at work, Turner entered a restroom and was allegedly injured by a falling air vent. On May 4, 2009, Turner filed a petition to controvert with the Mississippi Workers’ Compensation Commission against Temp Staff. Temp Staff admitted that the incident occurred and that Turner was its employee, but denied the extent of Turner’s alleged injuries.
¶ 4. On August 11, 2009, Turner filed a premises-liability claim in the circuit court against Entergy. Turner alleged that she was a business invitee of Entergy, and that Entergy breached its duty of reasonable care and duty to warn of a dangerous condition. She sought personal-injury damages, emotional-distress damages, lost wages, punitive damages, and other costs. Entergy denied all allegations, and soon filed a motion to dismiss.
¶ 5. The circuit court treated Entergy’s motion to dismiss as one for summary judgment. After a hearing on the matter, the circuit court determined that the indemnification agreement between Temp Staff and Entergy, by virtue of Guidant, rendered Turner’s claims moot. Furthermore, the circuit court concluded that Turner’s workers’ compensation claim was the exclusive legal remedy for her alleged injuries. Turner now appeals the circuit court’s judgment.
DISCUSSION
¶ 6. We employ a de novo review of a circuit court’s grant or denial of a motion for summary judgment. McSwain v. Sys. Energy Res., Inc., 97 So.3d 102, 105 (¶ 6) (Miss.Ct.App.2012) (citing Anglado v. Leaf River Forest Prods., 716 So.2d 543, 547 (¶ 13) (Miss.1998)). “Summary judgment ‘shall be rendered forthwith if the pleadings, depositions, answers to interrogatories[,] and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.’ ” Id. at 105-06 (¶ 6) (quoting M.R.C.P. 56(c)).
¶ 7. Turner first argues that summary judgment was improper because *117 the circuit court improperly recognized her as a dual employee of Temp Staff and Entergy instead of Entergy’s business invitee. A business invitee is owed a duty of reasonable care to “keep the premises in a reasonably safe condition” by the premises owner — in this ease, Entergy. Id. at 107 (¶ 11) (citation omitted). The law defines a business invitee as “a person who goes upon the premises of another in answer to the express or implied invitation of the owner or occupant for their mutual advantage.” Little v. Bell, 719 So.2d 757, 760 (¶ 15) (Miss.1998) (citation omitted).
¶ 8. However, under Mississippi Code Annotated section 71-3-9 (Rev.2011) the “liability of an employer under the terms and provisions for benefits pursuant to the Mississippi Workers’] Compensation Act shall be exclusive and in place of all other liability of the employer to the employee arising out of injuries received by the employee within the course and scope of his employment.” Ray v. Babcock & Wilcox Co., 388 So.2d 166, 167 (Miss.1980). The Mississippi Supreme Court has held that “when an employee is engaged in the service of two (2) employers in relation to the same act (dual employment), both employers are exempt from common[-]law liability, although only one of them has actually provided workers’] compensation insurance.” Id.
¶ 9. Hence, an employee working under two employers is not classified as a business invitee for purposes of common-law liability. Rather, the employee is classified as a dual employee and is not subject to common-law classifications under premises-liability theories. Thus, Turner was properly classified as a dual employee of Temp Staff and Entergy. .
¶ 10. Section 71-3-9 is clear that “[t]he liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee ... and anyone otherwise entitled to recover damages at common law or otherwise from such employer on account of such injury or death.... ” (Emphasis added). The supreme court has stated that in the ease of dual employment, “the only available remedy against either [of the two employers] is workers’ compensation and [the employee] would be barred from bringing a common-law negligence action against [either employer].” N. Elec. Co. v. Phillips, 660 So.2d 1278, 1281 (Miss.1995). Thus, the circuit court did not err in its determination that Turner’s pending workers’ compensation action is her exclusive remedy under the law. Accordingly, summary judgment was proper since En-tergy was entitled to a judgment as a matter of law. The issues raised are without merit.
¶11. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.