# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CA-00343-COA

**RON G. JONES SR.**                                                    **APPELLANT**

**v.**

**THE OXFORD CENTER INC.**                                             **APPELLEE**

DATE OF JUDGMENT:            05/16/2018
TRIAL JUDGE:                 HON. ANDREW K. HOWORTH
COURT FROM WHICH APPEALED:   LAFAYETTE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      CARTER DOBBS JR.
ATTORNEY FOR APPELLEE:       WADE G. MANOR
NATURE OF THE CASE:          CIVIL - PERSONAL INJURY
DISPOSITION:                 AFFIRMED - 11/03/2020
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE BARNES, C.J., GREENLEE AND WESTBROOKS, JJ.

### WESTBROOKS, J., FOR THE COURT:

¶1.     On May 16, 2018, the Circuit Court of Lafayette County, Mississippi, granted The

Oxford Center Inc.'s motion for summary judgment. Ron Jones filed this appeal claiming

the circuit court erred in finding that the Oxford Center did not breach any duty owed to

Jones. For the reasons discussed below, the circuit court's order granting summary judgment

in favor of the Oxford Center is affirmed.

### FACTS AND PROCEDURAL HISTORY

¶2.     On January 21, 2013, Jones was a dump truck operator for Oxford Sand and Gravel

Company. He was instructed to pick up a load of gravel, take it to the Oxford Center, and

spread the gravel. According to Jim Tatum, another driver for Oxford Sand and Gravel

Company, the Oxford Center only told them where they wanted the gravel. No further instructions were given to the drivers or anyone from Oxford Sand and Gravel Company. Jones was the fourth driver from Oxford Sand and Gravel Company to arrive with a load of gravel that morning. At some point while dumping and spreading the gravel, Jones's trailer began to tip over, causing the cab of his truck to roll over on its side. Jones had no trouble backing his truck up the road to dump the gravel. Rather, the subject incident occurred as Jones was driving forward, raising his truck bed, and spreading the gravel.

¶3. Jones was able to exit his truck and eventually went to a doctor for an examination and treatment related to his complaints of pain. Jones filed suit against the Oxford Center based in negligence. Jones alleged the Oxford Center instructed Jones where to place and drive his vehicle, causing the accident. Jones further alleged the Oxford Center negligently and carelessly maintained the roadway and work site.

¶4. After discovery, the Oxford Center filed a motion for summary judgment. A hearing was held on April 23, 2018. The circuit court granted the motion and dismissed Jones's case with prejudice. In dismissing Jones's case, the circuit court explained:

> In this case, the Court finds that the Plaintiff presented no evidence to support a claim that the Defendant was negligent in any manner. There is no evidence of any kind which supports a claim that the premises or workplace provided to the Plaintiff was in a defective of dangerous condition. However, even if the premises was not reasonably safe, the Plaintiff failed to present evidence to show that anyone at The Oxford Center had any notice, were aware, or should have been aware, that the premises were dangerous at all.

¶5. The circuit court's findings of facts and conclusions of law, as well as the order, were

filed with the Lafayette County Circuit Clerk's office on May 16, 2018.[1]  According to the court docket, the clerk "[m]ailed copy of findings of fact and order to attys."  On August 9, 2018, Jones filed a motion to re-open the time to appeal, which the circuit court granted.  Jones then filed the instant appeal.

## STANDARD OF REVIEW

¶6.     "In reviewing a trial court's grant of summary judgment, this court employs a de novo standard of review." *McSwain v. Sys. Energy Res. Inc.*, 97 So. 3d 102, 105 (¶6) (Miss. Ct. App. 2012) (citing *Anglado v. Leaf River Forest Prods.*, 716 So. 2d 543, 547 (¶13) (Miss. 1998)).  "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id*. at 105-06 (¶6) (internal quotation mark omitted) (quoting M.R.C.P. 56(c)).  The appellate courts consider all the evidence in the light most favorable to the non-moving party. *Id*. at 106 (¶6) (citing *Palmer v. Anderson Infirmary Benevolent Ass'n*, 656 So. 2d 790, 794 (Miss. 1995)).  "The party opposing the motion may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." *Id*. (internal quotation mark omitted) (quoting M.R.C.P. 56(e)).

## DISCUSSION

---

[1] On May 4, 2018, counsel for Jones received proposed findings of facts and conclusions of law and a proposed final judgment for review.  After no objection or comment, the documents were sent to the trial court for review and execution.

¶7.     Jones claims the circuit court erred in granting summary judgment because "the pleadings, depositions and interrogatory answers in this case show that there are genuine issues as to material fact that should be decided by a jury." Specifically, Jones argues the issues of fact are whether the Oxford Center's employees directed Jones where to drive, unload, and spread the gravel; whether the place Jones was directed was unsafe; whether Jones received no warning from the Oxford Center; and whether the gravel should have been unloaded then later spread by a tractor and not a truck.

¶8.     There is no dispute between the parties that Jones was an independent contractor. Mississippi courts have long defined an independent contractor as someone who "contracts with another to do something for him but who is not controlled by the other nor subject to the other's right to control with respect to his physical conduct in the performance of the undertaking." *Grammar v. Dollar*, 911 So. 2d 619, 622 (¶7) (Miss. Ct. App. 2005) (quoting *Texas Co. v. Mills*, 171 Miss. 231, 243, 156 So. 866, 869 (1934)). "An employer is under a duty to provide an independent contractor with a reasonably safe work environment or give warning of danger." *Id*. (citing *Miss. Chem. Corp. v. Rogers*, 368 So. 2d 220, 222 (Miss. 1979)). "An employer is relieved of the duty of informing an independent contractor of a danger at the work site if the independent contractor knows of that danger." *Id*. "Furthermore, when a danger exists, which is inherent to the work the independent contractor is employed to perform, or which arises from or is intimately connected with the work to be performed, the employer's duty to protect the contractor is absolved." *Id*. at 622-23 (¶8) (citing *Coho Res. Inc. v. McCarthy*, 829 So. 2d 1, 10-11 (¶¶20-21) (Miss. 2002)).

4

¶9. Jones was an independent contractor. The subject accident occurred while Jones was dumping and spreading gravel. This action was intimately connected with his work. It was the type of action "inherent to the work the independent contractor is employed to perform." *Id*. at 623 (¶8). Jones presented no evidence that the Oxford Center was negligent in any manner or breached any duty owed to Jones. Further, as the circuit stated, "even if the premises was not reasonably safe, the Plaintiff failed to present evidence to show that anyone at the Oxford Center had any notice, were aware, or should have been aware, that the premises were dangerous at all."

¶10. Jones has presented no evidence, other than mere allegations, in support of his argument that summary judgment was improper. When the circuit court asked Jones at the hearing what evidence he had to support denying the motion, Jones could not provide any evidence responsive to the circuit court's question. Instead, counsel for Jones responded by saying that Jones stated "in his deposition and in his discovery responses that the culvert rolled out. Now that may not be the prima facia negligence but it's headed in that direction."

¶11. Considering all the evidence and reviewing it in the light most favorable to the non-moving party, it is clear that Jones failed to set forth specific facts showing a genuine issue existed for trial. The judgment of the circuit court is affirmed.[2]

¶12. **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR. WILSON, P.J., CONCURS IN PART AND IN THE**

_____

[2] Because the issue concerning the circuit court's grant of summary judgment is dispositive, we decline to address the issue raised by the Oxford Center with regard to Jones's motion to re-open time to appeal.

5

**RESULT WITHOUT SEPARATE WRITTEN OPINION.**