MYERS, P.J.,
 

 for the Court:
 

 ¶ 1. Marsha Austin filed suit against the State of Mississippi, the Mississippi Department of Mental Health, and two MDMH employees, Cheryl Phillips and James Chastain. We shall refer to the defendants collectively as MDMH. Austin alleged that she had been fired for complaining about understaffing and falsification of medical records at the Mississippi State Hospital at Whitfield, where she had worked as a nurse. Austin alleged wrongful termination, negligence and gross negligence, breach of contract and tortious breach of contract, negligent and intentional infliction of emotional distress, and slander and defamation.
 
 [1]
 
 MDMH denied the substance of Austin’s complaint, maintaining that she had been fired for falsifying a timecard. MDMH also raised various defenses, including sovereign immunity. The Rankin County Circuit Court ultimately granted summary judgment to MDMH. Austin appeals.
 

 STANDARD OF REVIEW
 

 ¶ 2. We review a trial court’s grant of summary judgment de novo.
 
 Treasure
 
 
 *1259
 

 Bay Corp. v. Ricard,
 
 967 So.2d 1235, 1238 (¶ 10) (Miss.2007). This Court “examines all the evidentiary matters before it — admissions in pleadings, answers to interrogatories, depositions, affidavits, etc.”
 
 City of Jackson v. Sutton,
 
 797 So.2d 977, 979 (¶ 7) (Miss.2001) (citations omitted). The moving party has the burden of demonstrating that no genuine issue of material fact exists, and the nonmoving party must be given the benefit of doubt concerning the existence of a material fact.
 
 Id.
 
 “If no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment should be entered in that party’s favor.”
 
 Monsanto Co. v. Hall,
 
 912 So.2d 134, 136 (¶ 5) (Miss.2005). “A fact is material if it tends to resolve any of the issues properly raised by the parties.”
 
 Moss v. Batesville Casket Co., Inc.,
 
 935 So.2d 393, 398 (¶ 16) (Miss.2006) (citation and internal quotations omitted).
 

 DISCUSSION
 

 ¶ 3. The only discovery in this case was propounded by MDMH. In her response to the motion for summary judgment and her brief on appeal, Austin relies entirely on her responses to MDMH’s interrogatories as evidence to defeat summary judgment. However, Austin’s interrogatory responses, as they appear in the record, are unsworn. Unsworn responses to interrogatories are not competent evidence to oppose summary judgment.
 
 Scales v. Lackey Mem’l Hosp.,
 
 988 So.2d 426, 434 (¶ 18) (Miss.Ct.App.2008).
 

 ¶ 4. It is well settled that to survive summary judgment, “[t]he non-moving party’s claim must be supported by more than a mere scintilla of colorable evidence; it must be evidence upon which a fair-minded jury could return a favorable verdict.”
 
 Luvene v. Waldrup,
 
 903 So.2d 745, 748 (¶ 10) (Miss.2005) (quoting
 
 Wilbourn v. Stennett, Wilkinson & Ward,
 
 687 So.2d 1205, 1213-14 (Miss.1996)). A plaintiff cannot survive a motion for summary judgment by relying on “unsworn allegations in the pleadings, or arguments and assertions in briefs or legal memoranda.”
 
 Palmer v. Biloxi Reg’l Med. Ctr., Inc.,
 
 564 So.2d 1346, 1356 (Miss.1990) (internal quotations omitted).
 

 ¶ 5. In her reply brief on appeal, Austin argues that a genuine issue of material fact may inferred from MDMH’s admissions in its answer. She notes that MDMH admitted that Austin had been employed as a nurse, had complained about understaffing on one occasion, and had been terminated. From these admitted facts, Austin argues she is entitled to the inference that she was wrongfully terminated for complaining about understaffing. Austin is correct that in resisting summary judgment she is entitled to the benefit of all reasonable inferences that can be drawn from the evidence.
 
 Rhaly v. Waste Mgmt. of Miss., Inc.,
 
 43 So.3d 509, 516 (¶ 22) (Miss.Ct.App.2010). However, that evidence must be sufficient “to remove the case from the realm of conjecture and place it within the field of legitimate inference.”
 
 Kussman v. V & G Welding Supply, Inc.,
 
 585 So.2d 700, 703 (Miss.1991). There is no evidence suggesting a causal relationship between the complaint and the termination; MDMH instead maintained that Austin was terminated for tardiness and falsifying a time-card. In fact, the allegation that Austin was terminated for complaining about understaffing was made in the complaint and specifically denied by MDMH in its answer.
 

 ¶ 6. We have thoroughly reviewed the record, and we can find no competent evidence sufficient to support any of Austin’s alleged causes of action. Consequently, we affirm the trial court’s grant of summary judgment to MDMH.
 

 
 *1260
 
 ¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . Austin also raised various claims under federal law, but she did not oppose summary judgment on those counts.