# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CA-01290-COA

ROBERT CALONKEY                                                    APPELLANT

v.

AMORY SCHOOL DISTRICT                                               APPELLEE

DATE OF JUDGMENT:               06/18/2013
TRIAL JUDGE:                    HON. JAMES LAMAR ROBERTS JR.
COURT FROM WHICH APPEALED:      MONROE COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:        JAMES ROGER FRANKS JR.
                                WILLIAM RUFUS WHEELER JR.
ATTORNEY FOR APPELLEE:          MICHAEL JEFFREY WOLF
NATURE OF THE CASE:             CIVIL - PERSONAL INJURY
TRIAL COURT DISPOSITION:        SUMMARY JUDGMENT GRANTED TO
                                APPELLEE
DISPOSITION:                    REVERSED AND REMANDED - 09/16/2014
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE LEE, C.J., CARLTON AND MAXWELL, JJ.

### MAXWELL, .J., FOR THE COURT:

¶1.     Robert Calonkey fell through a hole in a catwalk above the Amory High School stage. He sued the Amory School District (District), claiming its negligent maintenance of the theater led to his injuries. The District moved for—and was granted—summary judgment based on governmental immunity.

¶2.     The circuit judge found the dangerous condition of the catwalk "obvious" and applied the Mississippi Tort Claims Act's obvious-dangerous-condition exemption to hold the District could not be held liable. But the obvious-dangerous-condition exemption did not

apply to Calonkey's claim. Rather, the obvious nature of a dangerous condition only bars recovery for claims that the government failed to warn the plaintiff of the dangerous condition. It does not bar a claim, like Calonkey's, that the government's negligence led to the dangerous condition.

¶3. Nor was Calonkey's claim barred due to discretionary-function immunity—the circuit judge's alternate reason for granting summary judgment. When deciding if a claim is based on the performance of a discretionary function and thus barred by discretionary-function immunity, intervening precedent directs we look to the governmental function involved in the claim, not just the specific acts performed.[1] Calonkey's claim involves the governmental function to maintain school property, which the District is mandated to perform. Thus, Calonkey's claim that the District failed to carry out its duty to maintain the theater cannot be said to be based on the District's performance of a discretionary function.

¶4. Because the District is not immune under the Mississippi Tort Claims Act (MTCA), and because fact issues surround the District's non-MTCA defense, we reverse the grant of summary judgment to the District. We remand Calonkey's claim to the circuit court.

## Background

### I. Calonkey's Fall

¶5. Amory High School hired Calonkey to assist with the school's production of *Phantom of the Opera*. Calonkey helped with the set design, which included a metal catwalk with a trap door that spanned the stage ten feet in the air.

---

[1] *Little v. Miss. Dep't of Transp.*, 129 So. 3d 132, 138 (¶¶10-11) (Miss. 2013).

¶6.     Calonkey visited the set on February 16, 2011. While there, he was asked by another producer to help adjust the lights. So he climbed up on the catwalk. This was Calonkey's first time on the catwalk, which he had not helped build. He claims that he was unaware that the catwalk was missing the called-for trap door—leaving a giant exposed hole in the middle. What is more, the metal edges of the hole were dotted with metal spike-like protrusions that should have been filed down after the catwalk was welded together. Calonkey fell through this hole after tripping over wiring and lumber lying across the catwalk. He scraped himself on the metal protrusions before falling ten feet to the stage.

## II.     Calonkey's Lawsuit

¶7.     Calonkey sued the District to recover for his resulting injuries. His complaint alleged that the District had the responsibility to ensure the set and walkways were properly maintained so students, visitors, and others could safely walk across them. He further alleged that, as part of this duty, the District should have covered or repaired the large hole in the catwalk, as multiple people were to use this walkway during the theater production. And the District's failure to do so was negligence, which proximately caused his injuries.

¶8.     The District moved for summary judgment, asserting immunity under the MTCA's exemptions from liability for obviously dangerous conditions and exercises of discretionary functions. *See* Miss. Code Ann. § 11-46-9(1)(d), (v) (Rev. 2012). The District also relied on the non-MTCA statute that protects a property owner from liability for injuries to an independent contractor caused by a danger the contractor should have known about.

¶9.     The circuit judge granted the District summary judgment, finding the District was immune from Calonkey's claim because the dangerous condition of the catwalk was "open

3

and obvious." But the judge noted that summary judgment would have been just as proper based on discretionary-function immunity.

### III. Calonkey's Appeal

¶10. Calonkey timely appealed, triggering this court's de novo review. We apply the same standard as the circuit judge. *Harrison v. Chandler–Sampson Ins., Inc.*, 891 So. 2d 224, 228 (¶11) (Miss. 2005). Viewing the evidence in the light most favorable to Calonkey, the nonmovant, we will affirm the grant of summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c). But if any triable issues of fact exist or if we find the District was not entitled to a judgment as a matter of law, we must reverse. *Harrison*, 891 So. 2d at 228 (¶11).

## Discussion

### I. MCTA Exemptions

¶11. The MTCA provides the exclusive remedy for Calonkey's claim against the District. Miss. Code Ann. § 11-46-7 (Rev. 2012). While section 11-46-5 generally waives sovereign immunity for tort actions to recover money damages, section 11-46-9(1) reinstates immunity for certain claims. Miss. Code Ann. § 11-46-5 (Rev. 2012); § 11-46-9(1).

¶12. The circuit judge held two provisions in section 11-46-9(1) immunized the District from Calonkey's suit—subsection (v), which involves any claim arising out of injuries due to dangerous conditions on public property, and subsection (d), which involves any claim arising out of the performance of discretionary functions. But for the following reasons, we

4

find neither provision prevented Calonkey from moving forward with his claim.

### A. Obviously Dangerous Condition

¶13. The circuit judge first applied section 11-46-9(1)(v) to find the District was immune. Subsection (v) has two provisions. Primarily, subsection (v) shields the government from any claim based on a dangerous condition when the condition was not due to the negligent or willful actions of a government employee or when the government did not know about the condition so as to be able to remedy it or warn about it. Miss. Code Ann. § 11-46-9(1)(v). Additionally, subsection (v) prevents government liability for a failure-to-warn claim when the dangerous condition is "obvious to one exercising due care." *Id.*

¶14. It is only this second part of subsection (v)—the obviously dangerous condition—that the District claimed immunized it from Calonkey's suit. But as the statute clearly states, the fact that a dangerous condition is obvious only exempts the District from liability for the failure to warn of the condition. Miss. Code Ann. § 11-46-9(1)(v). It does not exempt the District from liability for causing the dangerous condition through the negligent or willful actions of its employees. *Id.*; *see City of Natchez v. Jackson*, 941 So. 2d 865, 876 (¶33) (Miss. Ct. App. 2006). Here, Calonkey is not seeking to hold the District liable for failing to warn him about the hole in the catwalk. Rather, he claims the District's negligence in constructing and maintaining the catwalk created a dangerous condition that led to his injuries. So even if the dangerous condition was "obvious," this fact does not bar Calonkey's claim.

¶15. But contrary to the circuit judge's ruling, the record does not support that the catwalk's dangerous condition was undisputedly obvious. Instead, we find this was a

5

question of disputed fact, which cannot be resolved on summary judgment. *See Smith v. Waggoners Trucking Corp.*, 69 So. 3d 773, 777 (¶15) (Miss. Ct. App. 2011) (citing M.R.C.P. 56(c)). Calonkey testified the catwalk was dark and covered with debris. While other portions of his testimony suggested otherwise, as this is summary judgment, we must view the evidence in the light most favorable to him, the nonmovant. *See id.* at 776-77 (¶14). And in this light, we find Calonkey's evidence created a fact issue whether the dangerous condition of the catwalk was obvious to one exercising due care, which precludes summary judgment.

### B. Discretionary Function

¶16. The circuit judge made the alternate ruling that the District was equally protected from suit by section 11-46-9(1)(d), which bars claims "[b]ased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused[.]" Miss. Code Ann. § 11-46-9(1)(d). The circuit judge found that Calonkey's claim was based on the exercise of a discretionary function. He reached this conclusion by following, as he described it, "the [Mississippi] Supreme Court's paradigm in determining whether a function is discretionary or ministerial."

¶17. But since the date of the trial judge's decision, that paradigm has dramatically shifted. In October 2013, the Mississippi Supreme Court handed down *Little v. Mississippi Department of Transportation*, 129 So. 3d 132 (Miss. 2013). Before *Little*, the focus of this subsection of the MTCA was on the specific acts alleged to be negligent and whether those acts were mandated or discretionary. But the supreme court in *Little* expressly overruled its

6

line of cases holding that, while an overall duty may be mandatory, how that duty is carried out may be discretionary. *Id.* at 138 (¶11). The supreme court instead held that, if a statute imposes a duty on a governmental entity or its employees, "all acts fulfilling that duty are considered mandated as well, and neither the government nor its employees enjoy[] immunity." *Id.* at (¶10) (quoting *Miss. Transp. Comm'n v. Montgomery*, 80 So. 3d 789, 798 (¶31) (Miss. 2012)). So now, when determining whether the government is immune, courts must focus on the governmental *function* at issue—and "not the *acts* performed in order to achieve that function." *Id.*

¶18. Applying then-existing law, the circuit judge understandably honed in on the specific act Calonkey alleged was negligent—the construction and maintenance of the set. Finding no law mandated when or how the set should be constructed or maintained, the judge concluded the acts involved were discretionary. *See Montgomery*, 80 So. 3d at 795 (¶19). And because they also involved social policy, these acts were immune. *See id.* at (¶20).

¶19. But in our de novo review, we must follow *Little*'s approach and look to the governmental function at issue in Calonkey's claim—the negligent maintenance of a portion of school property. This function is imposed on the District by Mississippi Code Annotated section 37-7-301(c) and (d) (Rev. 2013), which requires the District to "be the custodian[] of real and personal school property and to manage, control and care for same, both during the school term and during vacation" and to be "responsib[le] for the erection, repairing and equipping of school facilities and the making of necessary school improvements[.]" Because *Little* holds that this mandated function includes "all acts" carrying out that duty, even when they involve choice or judgment, we must find that the acts of constructing and maintaining

7

the theater set fall under that function and, thus, are not immune from Calonkey's suit. *Little*, 129 So. 3d at 138 (¶10).

## II.    *Non-MCTA Defenses*

¶20.    Even if not immune, the District asserts it is still entitled to summary judgment because Calonkey had been working as an independent contractor when he injured himself. The District relies on the non-MTCA statute shielding all property owners—public and private—against liability "for the death or injury of an independent contractor or the independent contractor's employees resulting from dangers of which the contractor knew or reasonably should have known." Miss. Code Ann. § 11-1-66 (Supp. 2013). *See also Coho Resources, Inc. v. McCarthy*, 913 So. 2d 899, 906 (¶19) (Miss. 2005) (reciting the "general rule . . . that the owner of the premises does not have a duty to protect an independent contractor against risks arising from or intimately connected with the work"). But whether this statute provides the District a complete defense cannot be answered on summary judgment. Without dispute, Calonkey was working at the school as an independent contractor. But just as there is a question whether the dangerous condition was "obvious," there is a disputed fact issue whether Calonkey should have been aware of the danger posed by the exposed hole in the catwalk, based on his past work experience in theater production.

¶21.    Therefore, because of this fact issue and the other reasons discussed, we reverse the grant of summary judgment and remand this case to the circuit court.

¶22.    **THE JUDGMENT OF THE CIRCUIT COURT OF MONROE COUNTY IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, FAIR AND JAMES, JJ., CONCUR. IRVING, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**