# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CA-01506-COA

**BENNIE TANNER AND KIMBERLY TANNER**　　　　　　　**APPELLANTS**

**v.**

**ROSEBURG FOREST PRODUCTS SOUTH,**　　　　　　　　　**APPELLEE**
**LIMITED PARTNERSHIP**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/23/2014 |
| TRIAL JUDGE: | HON. ROBERT WILLIAM ELLIOTT |
| COURT FROM WHICH APPEALED: | LAFAYETTE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | YANCY B. BURNS |
| ATTORNEY FOR APPELLEE: | KENNETH HAROLD COGHLAN |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| TRIAL COURT DISPOSITION: | SUMMARY JUDGMENT GRANTED TO APPELLEE |
| DISPOSITION: | AFFIRMED – 01/19/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**JAMES, J., FOR THE COURT:**

### FACTS

¶1.　　Roseburg Forest Products South, Limited Partnership, is a privately owned wood-products company.　Howard Transportation operates as a common-carrier truck line transporting commodities and industrial goods.　In 2009 Howard and Roseburg entered into a written agreement where Howard agreed to transport wood product owned by Roseburg between plants owned by Roseburg.　The contract provided that Howard was an independent contractor of Roseburg and that Howard's employees were not employees of Roseburg.

¶2.　　On January 24, 2011, Bennie Tanner, a Howard employee, arrived at Roseburg's

Oxford plant and began unloading the wood product from his truck using a Hyster forklift that was specifically provided by Roseburg for Howard employees. Tanner testified that he had used this particular forklift numerous times before the accident. He also contended that this forklift had always had small leaks prior to the accident.

¶3. At some point that night, Tanner got off the forklift and descended the stairs to the bay area to go back to his truck. According to Tanner, as he was descending the stairs at the plant, he hurt himself when he slipped and fell on a stairwell at the Roseburg loading dock. He testified that the steps that night were wet, dirty, and oily. According to Tanner, the steps were "always dirty" and always had "something like grime" on them. Tanner alleged that the steps were wet because rain water had blown into the dock. Tanner alleged that he fell because of a combination of the water and dirt on the stairwell and the presence of hydraulic or other fluid that leaked on his shoes from the forklift he used.

¶4. Roseburg, by contrast, denied that the forklift in question was in a state of disrepair before the accident. Several Roseburg employees testified that they had not seen any oil on the floor or steps on the night the incident occurred. Furthermore, they testified that they had no knowledge that the forklift in question had a hydraulic-fluid leak prior to the accident. Roseburg's lead mechanic also testified that he did not find anything during his investigation that indicated the forklift had leaked on January 24, 2011.

## PROCEDURAL HISTORY

¶5. On November 21, 2011, Tanner filed his negligence action against Roseburg. Tanner's wife, Kimberly, filed a derivative claim for loss of consortium in the same pleading.

2

On April 1, 2014 Roseburg filed its motion for summary judgment. The trial court entered an order granting Roseburg's motion for summary judgment on September 24, 2014. The trial court found that Tanner "was aware prior to the accident of the hazards concerning the forklift and stairs at issue at the time of the alleged injury." The trial court as a matter of law concluded that section 11-1-66 of the Mississippi Code Annotated (Rev. 2014) provides statutory immunity for the Tanners' claims of negligence. The trial court entered an order denying the Tanners' motion to reconsider on October 14, 2014. The Tanners now appeal.

**STANDARD OF REVIEW**

¶6. We review a trial court's grant or denial of a motion for summary judgment de novo. *Young v. Smith*, 67 So. 3d 732, 741 (¶18) (Miss. 2011). This Court "examines all the evidentiary matters before it – admissions in pleadings, answers to interrogatories, depositions, affidavits, etc." *Partin v. N. Miss. Med. Ctr. Inc.,* 929 So. 2d 924, 928 (¶13) (Miss. Ct. App. 2005). Under Rule 56(c) of the Mississippi Rules of Civil Procedure, summary judgment should be granted if there is no genuine issue of material fact after viewing the evidence "in the light most favorable to the party against whom the motion has been made." *Id*. The moving party must demonstrate "that no genuine issue of material fact exists, and the nonmoving party must be given the benefit of the doubt concerning the existence of a material fact." *Austin v. State*, 52 So. 3d 1257, 1259 (¶2) (Miss. Ct. App. 2011).

**DISCUSSION**

¶7. Tanner argues that the trial court's order should be reversed because there are genuine

3

disputed issues of material fact concerning the negligence of Roseburg. Tanner claims that Roseburg was not entitled to summary judgment because (1) there is no competent evidence to suggest Tanner knew or reasonably should have known about danger relating to the forklift; (2) Roseburg's violation of company policy constitutes negligence that caused or contributed to the incident; and (3) Roseburg's active negligence creates a question of negligence under the *Hoffman* exception.

## I. Section 11-1-66

¶8. The trial court's basis for granting summary judgment was section 11-1-66, which states the following:

> No owner, occupant, lessee or managing agent of property shall be liable for the death or injury of an independent contractor or the independent contractor's employees resulting from dangers of which the contractor knew or reasonably should have known.

Thus, Roseburg had the burden of proving that Tanner worked for an independent contractor and knew or reasonably should have known of the danger that caused his injury. Tanner does not dispute Howard's independent-contractor status. Furthermore, the record before us shows that Howard was an independent contractor and Tanner was Howard's employee. The contract between Roseburg and Howard clearly stated that Howard is an independent contractor. Moreover, the contract established that Howard's employees were not Roseburg's employees.

¶9. Tanner, however, contends that he did not know and should not have reasonably known of the dangers related to the forklift. To avoid dismissal under the statutory immunity provided to Roseburg, Tanner must show that he was not aware of the dangerous condition

4

of the forklift.

¶10.    Tanner cites two cases in support of his argument: *Calonkey v. Amory School District*, 163 So. 3d 940 (Miss. Ct. App. 2014), and *Montedonico v. Mount Gillian Baptist Church*, 64 So. 3d 1012 (Miss. Ct. App. 2011).  In *Calonkey*, 163 So. 3d at 942 (¶6), the plaintiff's injury occurred after he fell through a hole in a catwalk above a stage.  The plaintiff had never been on the catwalk before the accident. *Id*. We found summary judgment improper because there was an issue of fact as to whether plaintiff knew or should have known of the hole in the catwalk.  *Id*. at 943 (¶15).  In *Montedonico,* 64 So. 3d at 1014 (¶3), the defendant provided the plaintiff with a ladder to use for work.[1]  Unbeknownst to both the plaintiff and the defendant, the ladder was missing a grip on one of the legs, which led to the ladder slipping while the plaintiff was on it.  *Id*. at (¶4).  The trial court found that the danger of falling while on a ladder was inherent to the plaintiff's work.  *Id*. at 1015 (¶8).  We found that summary judgment was improper because the danger of being provided a defective ladder by the defendant was not inherent to the plaintiff's work.  *Id*. at (¶13).  Moreover, the record before us indicated that the plaintiff was unaware that the rubber grip was missing from the ladder before he climbed it.  *Id*. at 1017 (¶18).  The plaintiff, accordingly, could not assume a risk he did not know existed.  *Id*.

¶11.    The difference between *Calonkey* and *Montedonico* and the case at hand is that Tanner had used this particular forklift for more than a year before his fall.  Tanner, by his own testimony, established he was aware that the forklift had leaked several times before the

---

[1] The defendant hired the plaintiff to install a security alarm at the church.

5

day of the incident. Tanner also testified that he knew the stairs were wet, grimy, and dirty before he fell on them. Even if Tanner had no knowledge of the specific leak at issue, as he claims, that does not outweigh the fact that he had knowledge of an ongoing issue with leaks on the forklift in question. Tanner, in sum, knew of the allegedly dangerous conditions or reasonably should have known of them. Consequently, section 11-1-66 is applicable and does provide immunity. This issue is without merit.

## II. Roseburg's Active Negligence

¶12. Tanner, alternatively, argues that Roseburg is not immune from liability because the company violated internal company policies concerning maintenance checks of the forklift in question. Tanner specifically contends that this violation is evidence of active negligence and renders Roseburg liable. It is true that our courts have found that evidence of company policy or routine practice is relevant when establishing the standard of care or a basis for liability. *See Crane Co. v. Kitzinger,* 860 So. 2d 1196, 1200-01 (¶¶14-19) (Miss. 2003) (holding that a company's handbook concerning safety policies was relevant to determine the reasonableness of the employee's actions). In this case, however, Roseburg's company policy is irrelevant because Tanner was an independent contractor and not a Roseburg employee. Under section 11-1-66, since Tanner, an independent contractor, knew of the danger, then Roseburg, the premises owner, was relieved of any duty to Tanner. *See Saranthus v. Health Mgmt. Assocs.*, 56 So. 3d 1274, 1277 (¶¶12-13) (Miss. Ct. App. 2011). This issue is without merit.

## III. Negligence Under the *Hoffman* Exception

¶13. Finally, Tanner argues that Roseburg's active negligence creates a question of negligence under the *Hoffman* exception. Tanner, in essence, urges us to hold that the *Hoffman* exception is an exception to the immunity provided by section 11-1-66. In *Hoffman v. Planters Gin Co.,* 358 So. 2d 1008, 1012 (Miss. 1978), the court concluded that landowners have an obligation "to exercise reasonable care for the protection of a licensee 'as to any active operation which the occupier carries on.'" *Howze v. Garner*, 928 So. 2d 900, 903 (¶11) (Miss. Ct. App. 2005) (quoting *Hoffman*, 358 So. 2d at 1012).

¶14. The Mississippi Supreme Court subsequently acknowledged that the *Hoffman* holding was a very limited exception. *Little v. Bell*, 719 So. 2d 757, 761 (¶22) (Miss. 1998).

> In order to fall within the *Hoffman* exception, the landowner must be aware of the licensee's presence upon the premises, the landowner must engage in affirmative or active negligence in the operation or control of a business, the landowner['s] conduct in regards thereto must subject the licensee or invitee to unusual danger, or increase the hazard to him, and the landowner's active or affirmative negligence must have proximately caused the plaintiff's injury.

*Id.* at 762 (¶22). Tanner offers no caselaw that supports his contention that *Hoffman* should be applied in cases involving independent contractors. Also, the testimony and the record before the Court do not show that Tanner was exposed to unusual dangers or that the active negligence of Roseburg proximately caused injury to Tanner. Under Mississippi common law, as well as section 11-1-66, premises owners are relieved of their duty to independent contractors if the independent contractor is aware of the danger. *Saranthus*, 56 So. 3d at 1277 (¶13). Based on the record and proof that was provided in this case, *Hoffman* is not an exception to the immunity provided by section 11-1-66, and we decline to extend this limited exception to section 11-1-66.

7

**CONCLUSION**

¶15.   In viewing the evidence most favorably to Tanner, we find that under section 11-1-66, Roseburg is immune from liability, and there is no genuine issue of material facts. Therefore, the decision of the trial court is affirmed.

¶16.   **THE JUDGMENT OF THE LAFAYETTE COUNTY CIRCUIT COURT IS AFFIRMED.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.**

   **LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR AND WILSON, JJ., CONCUR.**