LEE, C.J., DISSENTING:
 

 ¶ 27. I respectfully dissent. The circuit court incorrectly granted summary judgment to Harrison County on all of Campbell's claims based on its determination that the culvert into which Campbell fell was open and obvious to one exercising due care. The majority likewise finds that this is one of the rare "clearest of cases" where the open-and-obvious nature of a condition may be decided on summary judgment. The majority concludes that the culvert was open and obvious as a matter of law from the size of the culvert alone, barring Campbell's failure-to-warn claim under the Mississippi Tort Claims Act (MTCA). The majority additionally concludes that Campbell was 100% at fault for the accident for not carrying a flashlight, thus barring his remaining negligence claims. But there is no support in the record for either of these findings nor has the circuit court-the fact finder-made any factual findings on the majority's latter conclusion regarding the comparative negligence of the parties.
 

 ¶ 28. Because genuine issues of material fact exist regarding whether the culvert was open and obvious and whether Harrison County bore any responsibility, or comparative fault, for the accident, this case should be reversed and remanded to the circuit court for further proceedings.
 

 1. Genuine issues of material fact exist as to whether the culvert is open and obvious.
 

 ¶ 29. Campbell's and Angela Smith's testimonies create a genuine issue of material fact as to whether the culvert was "a dangerous condition which is obvious to one exercising due care ...."
 
 Miss. Code Ann. § 11-46-9
 
 (1)(v) (Rev. 2012). Campbell and Smith testified that around 11 p.m. when Campbell fell into the culvert, the area of the public beach near the culvert was somewhat lit by streetlights in the nearby parking lot and along Highway 90. Campbell and Smith and another couple had walked from a house near the beach and had been walking without issue until Campbell fell into the culvert.
 

 ¶ 30. Campbell testified that the beach was well lit enough that the four members of the group "didn't need a flashlight." He stated, "it was nighttime, but it wasn't dark enough where I needed a flashlight." Campbell testified that shortly before falling into the culvert, he saw benches, trees, and a fire pit on the beach and one-foot beams he thought were parking-lot bumpers. He could also see cars parked in the nearby parking lot. He then saw a "shadow" that turned out to be the culvert where he fell. Smith testified she was able to see objects on the beach as well, including the benches and fire pit, shortly before reaching the culvert. She did not see the culvert. Like Campbell, Smith was unfamiliar with the area and did not know the culverts existed. Due to the depth of the culvert and the fact that it only contained a shallow amount of water, Campbell suffered extensive injuries when he fell, including a severe open fracture to his lower left leg and a gangrenous infection due to bacteria in the sea water.
 

 ¶ 31. In addition to Campbell's and Smith's testimonies creating doubt as to the obvious nature of the culvert, Chuck Loftis's testimony did as well. Loftis was the director of the Sand Beach Department at the time of Campbell's accident. His testimony was the only evidence Harrison County presented in support of its contention that the culvert was open and obvious. Loftis testified that he was unaware
 of anyone else falling into one of the culverts and that he thought the culverts were obvious such that it was unnecessary to cover them. But Campbell testified, albeit through hearsay, that he had been told another person fell into a culvert the same day he did. And Loftis's statements that he thought the culverts were obvious and should not be covered are not convincing because his statements always came back to his concern that the covers would create additional maintenance responsibilities for the county. When asked whether all the culverts should be covered, he stated, "I don't think so ... because we have to maintain them. For maintenance wise, I would not suggest putting it across all of them."
 

 ¶ 32. Further, Loftis's testimony that the culverts are obvious and should not be covered is contradicted by Harrison County's Sand Beach Master Plan, which was introduced into evidence during Loftis's deposition. It states:
 

 The overall design of the open culverts along the beach steps can be enhanced to make them safer and to fit the desired appearance of the beach. When the open culverts are present, wooden bridges should be provided at intervals to allow pedestrians to cross. This will make crossing the culverts safer.
 
 There are currently no guardrails along the sides of the open flow culverts which poses a safety risk for beach goers.
 
 Guardrails along the open flow culverts and bridges will reduce the risk....
 
 These culverts can be covered or fenced and have bridges added to safely allow pedestrians to cross.
 

 (Emphasis added).
 

 ¶ 33. Loftis testified that three of the eleven culverts had been either partially covered or fenced. A culvert in Biloxi had been partially covered by a plastic cover. A culvert in Long Beach near the Long Beach Pavilion had a fence around it. And the culvert near the VA Hospital in Gulfport had a wooden barricade between a walkway or pedestrian pathway and the open channel because, according to Loftis, "it's more than a 32-inch drop from here where this open channel is, so [Harrison County has] to have this rail." It is not explained why a "more than ... 32-inch drop" required a rail in this instance, but a ten-foot drop into a culvert in another location did not.
 

 ¶ 34. It is true that Harrison County is not the insurer of public safety at the beach. Certainly, obviously dangerous conditions exist on public beaches, and inherent risks are taken by beach goers for which the county is not responsible. However, it has not been established that, objectively speaking, a reasonable person exercising caution who is unfamiliar with the area would find a ten-foot-deep culvert, flush with the ground, open and obvious. Campbell and Smith certainly did not. Rather, as Campbell stated, "It's a hole in the middle of a walkway on a very busy beach ...."
 

 ¶ 35. Based on the evidence presented, a genuine issue of material fact remains-like this Court found in
 
 Calonkey v. Amory School District
 
 ,
 
 163 So.3d 940
 
 (Miss. Ct. App. 2014),
 
 cert. denied
 
 ,
 
 163 So.3d 301
 
 (Miss. 2015) -whether the culvert was obvious. In
 
 Calonkey
 
 , the plaintiff fell through "a giant exposed hole in the middle" of a catwalk ten feet above a stage at a public high school.
 
 Id.
 
 at 942 (¶ 6). The circuit court granted summary judgment in favor of the school district on the basis that the hole was open and obvious.
 
 Id.
 
 at (¶ 9). This Court reversed and remanded, finding that whether the hole was open and obvious was a question of disputed fact that could not be resolved on summary judgment.
 
 Id.
 
 at 943 (¶ 15). We found dispositive Calonkey's testimony that "the catwalk was dark and covered with debris."
 

 Id.
 

 And even though "other portions of his testimony suggested otherwise," on summary judgment, the evidence is viewed in the light most favorable to the nonmovant.
 
 Id.
 

 ¶ 36. Here, the majority finds that the culvert was open and obvious because of its size alone and that Campbell was 100% negligent because it was dark and he was not carrying a flashlight. But the same facts were present in
 
 Calonkey
 
 -the plaintiff fell through "a giant exposed hole" in the dark-and this Court found summary judgment was inappropriate. There is no mention of a flashlight in
 
 Calonkey
 
 .
 

 ¶ 37. Viewing the evidence in the light most favorable to Campbell, the testimony and Sand Beach Master Plan create doubt as to the obvious nature of the culvert. The beach is open to the public both day and night, and visitors are encouraged to come to the beach for recreation and tourism. The culvert is not a natural hazard a person may expect to see at a beach; rather, it is an eight-to-ten-foot deep, manmade open pit flush with the ground.
 
 [9]
 
 And Harrison County acknowledged the potentially hidden danger posed by the culverts by placing warning signs on each side of the culverts and by partially covering or fencing three of the culverts.
 

 ¶ 38. "Where doubt exists as to whether there is a genuine issue of material fact, the trial judge should err on the side of denying [summary judgment] and permitting a full trial on the merits."
 
 Ellis v. Powe
 
 ,
 
 645 So.2d 947
 
 , 950 (Miss. 1994). As doubt exists, the circuit court's grant of summary judgment should be reversed.
 

 2. Genuine issues of material fact exist regarding the parties' comparative fault.
 

 ¶ 39. As recognized by the majority, under Mississippi's comparative-negligence law, summary judgment in favor of Harrison County on Campbell's negligence claims is appropriate only if Campbell is determined to be 100% at fault for the accident.
 
 Fulton v. Robinson Indus. Inc.
 
 ,
 
 664 So.2d 170
 
 , 176 (Miss. 1995). But "it is the [fact finder]'s responsibility to [determine relative fault and] assess percentages of fault between two parties."
 
 McLaughlin v. N. Drew Freight Inc.
 
 ,
 
 249 So.3d 1081
 
 , 1085 (¶ 14) (Miss. Ct. App. 2018).
 

 ¶ 40. The circuit court made no findings on fault because it found the suit barred under the MTCA's open-and-obvious defense. In so finding, the circuit court incorrectly stated that "[t]he 'open and obvious' defense" in section 11-46-9(1)(v) is "a
 
 complete bar
 
 to recovery in suits involving governmental entities and gives said entities complete protection from liability." (Emphasis added). Section 11-46-9(1)(v) clearly states that an obviously dangerous condition "
 
 only
 
 exempts [a governmental entity] from liability for the
 
 failure to warn
 
 of the condition."
 
 Calonkey
 
 , 163 So.3d at 943 (¶ 14) (emphasis added). "It does not exempt [a governmental entity] from liability for causing the dangerous condition through the negligent or willful actions of its employees" or for negligence in "constructing and maintaining" the dangerous condition.
 
 Id.
 

 ¶ 41. Campbell alleged claims in his complaint regarding Harrison County's failure
 to "maintain, inspect, repair and remedy the dangerous condition"; failure to cover the culverts or erect fences or other structures to prevent falls into the culverts; and failure to provide adequate lighting around the culvert and safety equipment in or near the culvert to assist a person out of the culvert.
 
 [10]
 
 These claims have not been addressed by the circuit court because the circuit court simply found Campbell's suit was barred by the MTCA. Thus, the determination of fault is not appropriate for this Court's review.
 
 See
 

 Olier v. Bailey
 
 ,
 
 164 So.3d 982
 
 , 995 (¶ 44) (Miss. 2015) ("Several questions are left unanswered regarding the relative fault of the two parties, but those are not for our decision. Only a trial can settle those questions.").
 

 ¶ 42. Because questions of material fact exist regarding the open and obvious nature of the culvert and no determination has been made as to the parties' comparative fault, summary judgment was improperly granted. This matter should be reversed and remanded to the circuit court for further proceedings.
 

 BARNES, FAIR, GREENLEE AND WESTBROOKS, JJ., JOIN THIS OPINION.
 

 Cf.
 

 Blackston v. George County
 
 ,
 
 102 So.3d 1182
 
 , 1186-87 (¶¶ 21-22) (Miss. Ct. App. 2012) (finding the county had no duty to warn of "a mound of dirt" on the side of a road at night where the plaintiff knew dirt work was occurring and the dirt mound was open and obvious). A culvert flush with the ground is distinguishable from a mound of dirt that was visible to anyone driving past.
 

 Campbell remained in the culvert until an ambulance arrived. He was unable to climb the sheer ten-foot side of the culvert to get out, and his friends were unable to pull him out. Campbell argues the time spent in the culvert's shallow, stagnant water resulted in a gangrenous infection in his leg from the bacteria in the water. No factual determination has been made regarding whether Harrison County bore any responsibility for not providing an escape from the culvert or any other of these claims.