# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CA-00704-COA

**JIMMIE NELL LONG**                                                                 **APPELLANT**

**v.**

**JONES COUNTY, MISSISSIPPI BY AND**                                        **APPELLEE**
**THROUGH THE BOARD OF SUPERVISORS**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/22/2019 |
| TRIAL JUDGE: | HON. DAL WILLIAMSON |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | S. CHRISTOPHER FARRIS |
| ATTORNEYS FOR APPELLEE: | WILLIAM ROBERT ALLEN JESSICA SUSAN MALONE |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 06/30/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**C. WILSON, J., FOR THE COURT:**

¶1.     This case arises out of a trip-and-fall accident. After suffering injuries from her fall, Jimmie Long filed a negligence action against Jones County, Mississippi. In response, Jones County asserted immunity under the Mississippi Tort Claims Act (MTCA) and filed a motion for judgment on the pleadings. The circuit court granted Jones County's motion and dismissed Long's claim with prejudice. Long now appeals. Because we conclude that Long sufficiently alleged facts that, if proven, could sustain her negligence claim, we reverse and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

¶2.     On June 15, 2017, as Long walked up to the Jones County Courthouse in Laurel, Mississippi, she tripped on the sidewalk and fell.  Long suffered injuries as a result.

¶3.     On May 4, 2018, Long filed a complaint in the Jones County Circuit Court, Second Judicial District.  In her complaint, Long alleged that her foot "got caught on the sidewalk that was protruding several inches above the other section of the sidewalk[,]" causing her to fall and sustain injuries.  Long asserted that Jones County was at fault for her injuries because "the sidewalk had been in a state of disrepair for several years.  [And Jones County was] negligent in failing to repair and maintain the sidewalk surrounding the [c]ourthouse in a safe condition of the public patrons on a daily basis."  Jones County answered on May 22, 2018, asserting that it was immune from Long's suit under the MTCA.

¶4.     Jones County filed a motion for judgment on the pleadings on May 24, 2018.  In its motion, Jones County asserted that it was entitled to a judgment on Long's claims based on the sovereign immunity provided by three different exemptions found within the MTCA: the discretionary function exemption, Miss. Code Ann. § 11-46-9(1)(d) (Rev. 2019);[1] the adequate resource exemption, Miss. Code Ann. § 11-46-9(1)(g) (Rev. 2019);[2] and the

---

[1] Under section 11-46-9(1)(d), a government entity shall not be liable for any claim "[b]ased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused[.]"

[2] Section 11-46-9(1)(g) provides that a government entity is afforded immunity as to any claim "[a]rising out of the exercise of discretion in determining whether or not to seek or provide the resources necessary for the purchase of equipment, the construction or maintenance of facilities, the hiring of personnel and, in general, the provision of adequate governmental services[.]"

dangerous condition exemption, Miss. Code Ann. § 11-46-9(1)(v) (Rev. 2019).[3]

¶5.     After Jones County filed its dispositive motion, Long propounded written discovery requests to Jones County.  In response, Jones County filed a motion for protection from discovery.

¶6.     The circuit court held a hearing on the county's motions on February 25, 2019.  The hearing focused on Jones County's dispositive motion.  At the outset, the circuit judge asked whether either side had photographs reflecting the sidewalk's condition.  Long's counsel responded that he "ha[d] some attached to the letter," and apparently provided several photographs of the sidewalk for the circuit judge to view during the hearing.[4]  Jones County's counsel responded that "[s]ince this is not a motion for summary judgment, this is a motion on the pleadings alone, [she] did not have any evidentiary matters to bring up to the court."  Having provided the photographs, Long's counsel did not object when the circuit judge consulted them during the hearing; the record indicates that the circuit judge viewed Long's

_____

[3] Section 11-46-9(1)(v) provides that a government entity shall not be liable for any claim

> [a]rising out of an injury caused by a dangerous condition on property of the governmental entity that was not caused by the negligent or other wrongful conduct of an employee of the governmental entity or of which the governmental entity did not have notice, either actual or constructive, and adequate opportunity to protect or warn against; provided, however, that a governmental entity shall not be liable for the failure to warn of a dangerous condition which is obvious to one exercising due care[.]

[4] It is not apparent from the record what "letter" Long's counsel referenced during the hearing.  Neither the letter nor the photographs themselves are contained in the record on appeal, but it is apparent that the circuit judge had the photographs and looked at them during the motions hearing.

3

photographs and asked questions about their applicability to Jones County's motion.

¶7.     At the conclusion of the hearing, the circuit court granted a stay of discovery pending the court's ruling on Jones County's dispositive motion.  On March 22, 2019, the circuit court granted Jones County's motion for judgment on the pleadings.  In its order, the circuit court analyzed the three grounds for MTCA immunity proffered by Jones County.  The circuit court concluded that Jones County was not entitled to a judgment on the pleadings based on the discretionary function exemption, *see* Miss. Code Ann. § 11-46-9(1)(d), or the adequate resource exemption, *see* Miss. Code Ann. § 11-46-9(1)(g), because determining immunity under these exemptions "would require the [c]ourt to look at matters outside of the pleadings."  But the circuit court granted Jones County's motion due to the dangerous condition exemption found in section 11-46-9(1)(v).  Specifically, the circuit court found "beyond any reasonable doubt that [Long] [would] be unable to prove that the disparity in the [sidewalk's] concrete of 'several inches' was not open and obvious to one exercising due care."  Based on that finding, the circuit court dismissed Long's action with prejudice.

¶8.     Long now appeals, contending that the circuit court erred in granting Jones County's motion for judgment on the pleadings by considering materials outside of the pleadings. Long also contends that she was entitled to develop evidence to support her allegations that the sidewalk at issue had been in a state of disrepair for some time and that Jones County was negligent in failing to maintain and repair the sidewalk. Because we conclude that the circuit court's judgment on the pleadings was premature, we reverse and remand for further proceedings.

4

## STANDARD OF REVIEW

¶9. "Since a motion for [a] judgment on the pleadings under Mississippi Rule of [Civil] Procedure 12(c) raises an issue of law, this Court's standard of review for the granting of that motion is de novo." *Carter v. Reddix*, 115 So. 3d 851, 855-56 (¶8) (Miss. Ct. App. 2012) (quoting *R.J. Reynolds Tobacco Co. v. King*, 921 So. 2d 268, 270 (¶10) (Miss. 2005)). "Therefore, this Court sits in the same position as did the trial court." *Id.* (quoting *R.J. Reynolds*, 921 So. 2d at 270-71 (¶10)). In reviewing a Rule 12(c) motion, "the allegations in the complaint must be taken as true, and the motion should not be granted unless it appears beyond any reasonable doubt that the non-moving party will be unable to prove any set of facts in support of the claim which would entitle the non-movant to relief." *R.J. Reynolds*, 921 So. 2d at 271 (¶10) (citing *Bridges ex rel. Bridges v. Park Place Entm't*, 860 So. 2d 811, 813 (¶5) (Miss. 2003)).

## DISCUSSION

¶10. Long asserts that the circuit court erred in granting Jones County's motion for judgment on the pleadings because in doing so, the court considered matters outside of the pleadings. At the beginning of the February 25, 2019 hearing on Jones County's motion, the circuit judge asked the parties if either of them had any photographs that captured the condition of the sidewalk at the time of Long's accident. *Long's counsel* replied that he did, and he presented the court copies of the photographs of the sidewalk. Jones County's counsel responded that she did not have any photographs and clarified that "[s]ince this is not a motion for summary judgment, this is a motion on the pleadings alone, [she] did not

5

have any evidentiary matters to bring up to the court."

¶11. The hearing transcript indicates that the circuit judge then looked at Long's photographs and occasionally consulted them as the judge asked questions of counsel about Jones County's dispositive motion. Now, Long contends that the circuit court erroneously considered her photographs in granting Jones County's motion for judgment on the pleadings, improperly converting Jones County's motion to a motion for summary judgment without notice or the opportunity for discovery. We disagree.

¶12. Generally, when a court considers matters outside of the pleadings when ruling on a Rule 12(c) motion, the motion is converted to one for summary judgment. M.R.C.P. 12(c); *see also Huff-Cook Inc. v. Dale*, 913 So. 2d 988, 990 (¶10) (Miss. 2005) (stating that "a Rule 12(c) motion for judgment on the pleadings is decided on the face of the pleadings alone"). The supreme court has discussed what it means for a trial court to "consider" matters outside the pleadings. *Trigg v. Farese*, 266 So. 3d 611, 618-19 (¶¶11-14) (Miss. 2018). In *Trigg*, the appellant contended that the circuit court was required to convert a motion to dismiss into a motion for summary judgment because the court "considered" two affidavits that were not included in the pleadings in granting the defendant's motion to dismiss. *Id.* at 618 (¶¶11-13). Rejecting the appellant's contention, the supreme court reasoned that "considered" "must mean more than simply reviewed or contemplated—for there to be any error in considering [the] affidavits, the circuit court's judgment must *depend* on those affidavits." *Id*. at 619 (¶14) (emphasis added). The supreme court determined that "the affidavit [in *Trigg*] had nothing to do with the [circuit] court's decision," and thus, the court "was under no

6

obligation to convert the [Rule] 12(b)(6) motion to dismiss . . . into a motion for summary judgment." *Id*. at (¶15).

¶13.   As in *Trigg*, the circuit court here was not obliged to convert Jones County's motion into a motion for summary judgment because Long's photographs "had nothing to do with the [circuit] court's decision." *Id*. The transcript of the February 25, 2019 motions hearing indicates that the circuit judge preliminarily asked whether either party had photographs of the sidewalk at issue and then viewed the photographs proffered by Long's counsel. But the same transcript shows that, having provided the photographs to the court in the first place, Long's counsel never raised any objection when the circuit judge consulted them as the court questioned counsel during oral argument. That is likely because the record also demonstrates that the circuit judge at most "simply reviewed or contemplated" the photographs, and the court limited its consideration of the grounds in support of Jones County's motion solely to those matters contained in the pleadings—as expressly urged by Jones County's counsel during the hearing. *See id.* at 619 (¶14) (stating that "for there to be any error in considering [evidence outside the pleadings], the circuit court's judgment must depend on [that evidence]"). This issue is without merit.

¶14.   Long also contends that she should have been allowed to engage in discovery to develop facts related to her allegations that "the sidewalk had been in a state of disrepair for several years," and that Jones County was "negligent in failing to repair and maintain the sidewalk surrounding the [c]ourthouse in a safe condition . . . ." We agree that the circuit court's judgment was premature because, taking Long's complaint allegations as true, we

7

cannot say that it is "beyond any reasonable doubt that [Long] [would] be unable to prove any set of facts in support of the claim which would entitle [her] to relief." *Carter*, 115 So. 3d at 855-56 (¶8) (quoting *R.J. Reynolds*, 921 So. 2d at 271 (¶10)).

¶15. In its order granting Jones County's motion, the circuit court concluded that Jones County was not entitled to a judgment on the pleadings under either the MTCA's discretionary function exemption provided in section 11-46-9(1)(d) or the adequate resource exemption provided in section 11-46-9(1)(g). We agree with the circuit court's ruling in this regard. As the circuit court found, the "determination of whether Jones County was under a duty to maintain the sidewalks" or "whether . . . Jones County had the adequate resources to maintain and repair the sidewalk would require the [c]ourt to look at matters outside of the pleadings . . . ."

¶16. By contrast, the circuit court concluded that Jones County was entitled to immunity on the MTCA's dangerous condition exemption. That exemption provides that a governmental entity shall not be liable for a claim

> [a]rising out of an injury caused by a dangerous condition on property of the governmental entity that was not caused by the negligent or other wrongful conduct of an employee of the governmental entity or of which the governmental entity did not have notice, either actual or constructive, and adequate opportunity to protect or warn against; provided, however, that a governmental entity shall not be liable for the failure to warn of a dangerous condition which is obvious to one exercising due care[.]

Miss. Code Ann. § 11-46-9(1)(v).

¶17. The circuit court analyzed the applicability of section 11-46-9(1)(v) to Long's claim through the prism of *Hankins v. City of Cleveland*, 90 So. 3d 88 (Miss. Ct. App. 2011). In

*Hankins*, our Court "paraphrase[d]" the elements required to sustain a claim in the face of an immunity defense under the MTCA's dangerous condition exemption, as set forth in an earlier case, *Howard v. City of Biloxi*, 943 So. 2d 751 (Miss. Ct. App. 2006):

1.  An injury was suffered;

2.  The injury was caused by a dangerous condition on the property caused by the negligent or other wrongful conduct of the government employee;

3.  The governmental entity had either actual or constructive notice of the defect;

4.  The governmental entity had an adequate opportunity to protect or warn of this defect; and

5.  The condition was not open and obvious to one exercising due care.

*Hankins*, 90 So. 3d at 96 (¶15) (discussing *Howard*, 943 So. 2d at 754 (¶5)). The circuit court found that Long clearly met the first element because she suffered an injury. The circuit court further found that "proving or disproving [the second, third, and fourth] elements would require the [c]ourt to look at matters outside of the pleading[s]" such that, "if all that was required of [Long] was to prove the first four elements, [Jones County] would not be entitled to a judgment on the pleadings."

¶18. Nonetheless, the circuit court concluded that the fifth element, that "[t]he condition was not open and obvious to one exercising due care," *id.*, "prove[d] fatal to [Long's] claim surviving [Jones County's motion]." Specifically, the circuit court found "that [Long] [would] be unable to prove that the disparity in the concrete of 'several inches' was not open and obvious to one exercising due care." Thus, the circuit court reasoned that Long would

9

be unable to prove a required element of her claim, entitling Jones County to a judgment on the pleadings.

¶19. Upon review, we conclude that the circuit court's reliance on *Hankins* in determining that Long's claim failed as a matter of law was misplaced in light of our subsequent opinions in *Calonkey v. Amory School District*, 163 So. 3d 940 (Miss. Ct. App. 2014), and *Campbell v. Harrison County Board of Supervisors*, 269 So. 3d 1269 (Miss. Ct. App. 2018). The circuit court premised its dismissal of Long's claim on Long's inability to prove one of the *Hankins* elements, i.e., that the alleged dangerous condition of the sidewalk was "not open and obvious to one exercising due care." *Hankins*, 90 So. 3d at 96 (¶15). But *Calonkey* made clear that under section 11-46-9(1)(v), the fact that an alleged dangerous condition is open and obvious only shields liability for *failure to warn of the condition*. *See* 163 So. 3d at 943 (¶¶13-14); *see also Campbell*, 269 So. 3d at 1273-74 (¶15).

¶20. While neither the supreme court nor this Court has expressly overruled *Hankins* (or *Howard*) previously, to the extent our earlier precedent conflicts with *Calonkey* and *Campbell*, we now clarify that our more recent precedent is controlling. And in this case, comparing the allegations in Long's complaint with the text of section 11-46-9(1)(v), Long's claim rests more broadly on Jones County's alleged negligence in causing a dangerous condition, not merely the county's failure to warn Long about it. Thus, the circuit court erred in dismissing Long's case based solely on the purported obviousness of the alleged dangerous condition of the sidewalk at issue.

¶21. In general, we have held that "no municipality or property owner can be expected to

maintain its sidewalks in a perfectly level condition, and where the defect consists of some slight variation between two adjoining paving blocks, no liability is imposed." *Bond v. City of Long Beach*, 908 So. 2d 879, 881-82 (¶7) (Miss. Ct. App. 2005). "Often such pathways contain crack[s] and changes in elevation; and, as such, they do not become hazardous conditions simply because they contain minor imperfections or defects." *Knight v. Picayune Tire Servs. Inc.*, 78 So. 3d 356, 359 (¶9) (Miss. Ct. App. 2011) (brackets omitted). But "a walkway feature may be a dangerous condition if it is of a type that is not 'usual' and 'normally expected' by invitees." *Jones v. Wal-Mart Stores E. LP*, 187 So. 3d 1100, 1105 (¶16) (Miss. Ct. App. 2016) (citing *Wood v. RIH Acquisitions MS II LLC*, 556 F.3d 274, 281 (5th Cir. 2009); *City of Natchez v. Jackson*, 941 So. 2d 865, 869-70 (¶¶5-9) (Miss. Ct. App. 2006)).

¶22. More specific to the case at hand, the text of section 11-46-9(1)(v) confers immunity to governmental entities as against two types of premises liability claims:

> Primarily, subsection (v) shields the government from any claim based on a dangerous condition when the condition was not due to the negligent or willful actions of a government employee or when the government did not know about the condition so as to be able to remedy it or warn about it. . . . Additionally, subsection (v) prevents government liability for a failure-to-warn claim when the dangerous condition is "obvious to one exercising due care."

*Calonkey*, 163 So. 3d at 943 (¶13). Critical to our analysis, "the fact that a dangerous condition is obvious only exempts [a governmental entity] from liability for the failure to warn of the condition." *Id.* at (¶14) (citing Miss. Code Ann. § 11-46-9(1)(v)). "It does not exempt the [entity] from liability *for causing the dangerous condition* through the negligent or willful actions of its employees." *Id.* (emphasis added) (citing *Jackson*, 941 So. 2d at 876

11

(¶33)).  Thus, although "a governmental entity shall not be held liable for the failure to warn of an 'open and obvious' condition," "the open-and-obvious defense is not a complete bar to recovery for every premises liability claim . . . ."  *Campbell*, 269 So. 3d at 1273-74 (¶15) (citing *Calonkey*, 163 So. 3d at 943 (¶14); *Jackson*, 941 So. 2d at 876 (¶33)), *cert. denied*, 268 So. 3d 1280 (Miss. 2019).

¶23.    Here, Long alleges that she tripped because "her foot got caught on the sidewalk that was protruding several inches above the other section of the sidewalk."  She further alleges that "the sidewalk had been in a state of disrepair for several years.  [And Jones County was] negligent in failing to repair and maintain the sidewalk surrounding the [c]ourthouse in a safe condition . . . ."  The circuit court dismissed Long's claim based on its reasoning that, even accepting Long's allegations as true, the condition of the sidewalk was open and obvious as a matter of law, such that Long could not sustain her claim.  But we cannot assume that the alleged dangerous condition was "open and obvious" based on the pleadings alone.  In any event, the obviousness of the alleged dangerous condition "does not exempt [Jones County] from liability if [Long] can show that the condition existed or was not corrected because [Jones County] negligently failed to maintain the premises in a reasonably safe condition."  *Campbell*, 269 So. 3d at 1274 (¶18).

¶24.    Accordingly, we conclude that, at least at the pleadings stage, Long's allegations are sufficient to avoid the immunity afforded by the MTCA's dangerous condition exemption.  Long alleges "a dangerous condition on property of the governmental entity" that was "*caused* by the negligent . . . conduct of an employee of the governmental entity."  Miss.

12

Code Ann. § 11-46-9(1)(v) (emphasis added). Long's allegation that the sidewalk had been in disrepair for several years likewise raises at least an issue of fact as to whether Jones County had "notice, either actual or constructive, and adequate opportunity to protect or warn against" the condition of the sidewalk. *Id.* Therefore, the circuit court erred by granting Jones County's motion for judgment on the pleadings, and we reverse the order dismissing Long's claim and remand for further proceedings.

¶25. **REVERSED AND REMANDED.**

**BARNES, C.J., J. WILSON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR. CARLTON, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**